# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO LUIS NOGUERAS,<br><br>    Plaintiff,<br><br>    v.<br><br>AUGUSTINA OJUKWU,<br><br>    Defendant. | Case No. 1:14-cv-00470-LJO-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST BE DENIED, WITH PREJUDICE, ON THE GROUND THAT PLAINTIFF WAS NOT A PRISONER WHEN HE FILED SUIT<br><br>(Doc. 37)<br><br>OBJECTION DEADLINE: FIFTEEN DAYS |

## I. Procedural Background

Plaintiff Eugenio Luis Nogueras ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on August 21, 2012. This action for damages is proceeding against Defendant Ojukwu ("Defendant") for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution. Plaintiff's claim arises from events which occurred at Kern Valley State Prison in Delano, California.

On August 4, 2015, Defendant filed a motion for summary judgment based on Plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a). Fed. R. Civ. P. 56(a); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*,

135 S.Ct. 403 (2014).  (Doc. 37.)  The motion has been submitted on the record without oral argument pursuant to Local Rule 230(*l*).[1]

## II.     Discussion and Recommendation

Section 1997e(a) of the the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A "prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h).  Individuals who are former prisoners at the time they file suit are not subject to section 1997e(a)'s exhaustion requirement.  *Talamantes v. Leyva*, 575 F.3d 1021, 1024 (9th Cir. 2009) (interpreting definition of prisoner in 42 U.S.C. § 1997e(h)); *see also Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) (civil detainees are not prisoners within the definition of section 1997e)).

Plaintiff filed this action on August 21, 2012, when he was no longer incarcerated.  (Docs. 1, 3.)  As a result, Plaintiff was not required to comply with section 1997e(a)'s exhaustion requirement, and Defendant's motion for summary judgment for failure to exhaust fails as a matter of law.  *Talamantes*, 575 F.3d at 1024.

Accordingly, the Court HEREBY RECOMMENDS that Defendant's motion for summary judgment, filed on August 4, 2015, be DENIED, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Responses, if any, are due

---

[1] Plaintiff was provided with contemporaneous notice of the requirements for opposing a summary judgment motion for failure to exhaust administrative remedies.  *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998).  (Doc. 37.)

within **ten (10) days** from the date the objections are filed. Local Rule 304(d). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson*, 772 F.3d at 838-39 (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 1, 2015**                                **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE