# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENIO LUIS NOGUERAS,<br><br>    Plaintiff,<br><br>    v.<br><br>OJUKWU,<br><br>    Defendant. | **Case No. 1:14-cv-00470-LJO-SKO (PC)**<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND TO PROSECUTE THIS ACTION (Docs. 44, 48)**<br><br>**TWENTY-ONE (21) DAY DEADLINE**<br><br>**ORDER TAKING DEFENDANT'S MOTION TO DISMISS OFF CALENDAR (L.R. 230(*l*))** |

    Plaintiff, Eugenio Luis Nogueras, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On March 8, 2016, the Court issued an order for Plaintiff to file an opposition or statement of non-opposition to Defendant's motion to compel responses to discovery within twenty-one days. (*See* Docs. 44, 48.) More than a month has now passed and Plaintiff has failed to file an opposition or statement of non-opposition, or otherwise respond to the Court's Order. Defendant has now filed a motion to dismiss based on Plaintiff's lack of prosecution of this action. (Doc. 49.)

    The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of*

*Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Plaintiff's claims in this action pertain to issues that occurred while he was incarcerated.  Defendant filed a motion to dismiss and has scheduled it for a hearing on May 11, 2016.  (Doc. 49.)  Local rule 230(*l*) provides that all motions in prisoner actions "shall be submitted on the record without oral argument unless otherwise ordered by the Court."  Defendant cites neither legal authority nor any justification for being relieved from Local Rule 230(*l*) and the Court finds none. Local Rule 230(*l*) shall apply to this case.  *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (district courts have broad discretion to manage course of litigation); *U.S. v. Batiste*, 868 F.2d 1089, 1091 n.4 (9th Cir. 1989) (district courts have broad discretion to manage calendars).  Thus, the motion to dismiss will be taken off calendar and submitted on the written record pursuant to Local Rule 230(*l*).

Accordingly, it is HEREBY ORDERED as follows:

(1) Plaintiff SHALL show cause within twenty-one (21) days of the date of service of this order why the action should not be dismissed for his failure comply with the Court's order and to prosecute this action; and

(2) Defendant's motion to dismiss, filed on April 8, 2016, is taken off calendar.

IT IS SO ORDERED.

Dated:   **April 25, 2016**                     **/s/ Sheila K. Oberto**
                                      UNITED STATES MAGISTRATE JUDGE